UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAVID I. MARTIN,

        Plaintiff,        2:12-cv-01916-CL

        v.        ORDER

LEONARD WILLIAMSON,
et al.,

        Defendants.

Clarke, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed a complaint under 42 U.S.C. § 1983 alleging that his due process rights and his rights under Article I, §10 of the Oregon Constitution were violated when a disciplinary hearings officer relied on confidential informants and refused his requests to call character witnesses. Plaintiff alleges "pendent and

1 - ORDER

supplemental state law claims" under the Oregon Constitution and common law claims for libel, defamation and slander. Before the court is defendants' Motion for Summary Judgment (#51).

The relevant facts are as follows: After an investigation by defendant Gilbertson, plaintiff was charged with numerous rule violations arising out of his alleged threats to use force against other inmates for extortive purposes. Plaintiff alleges that "Gilbertson's written claims against plaintiff were and are false as a matter of fact." Complaint (#2), p. 5.

At a disciplinary hearing on July 2, 2012, Disciplinary Hearings Officer (DHO) Serrano relied on the statements of four confidential informants. DHO Serrano determined that all four of the informants were reliable and that disclosing the confidential informants' identities would endanger them.

DHO Serrano denied plaintiff's request to call character witnesses at his hearing on the grounds that the proposed testimony would not change the outcome of the hearing.

DHO Serrano dismissed some of the charges, but found plaintiff guilty of Extortion II, Unauthorized Organizations I, and Disrespect, and sanctioned Plaintiff to 150 days in disciplinary segregation, loss of privileges for 21 days and a $100 fine.

2 - ORDER

Plaintiff alleges that defendants Nooth and Williamson "reviewed and upheld Serrano's finding of plaintiff's guilt" and that defendant "imposed an extended punitive sentence against plaintiff." Complaint (#2), p. 7.

Plaintiff alleges that defendants' conduct violated his procedural and substantive due process rights.

Substantive due process requires only "some evidence" to support a prison disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 1985).

In this case the confidential testimony of four separate credible sources that plaintiff on several occasions threatened violence against other inmates, extorted payments via threats of violence and used his affiliation with the "West Side Gangster" security threat group (gang) to threaten other inmates, constitutes "some evidence" sufficient to satisfy the substantive due process requirement of *Hill*.

Where a hearings officer's determination in a disciplinary hearing is based on statements of unidentified informants, due process requirements are satisfied as long as: "(1) the record contains some factual information from which the [officer] can reasonably conclude that the information was reliable, and (2) the record contains a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name. Review of both the

3 - ORDER

reliability determination and the safety determination should be deferential." Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987). Reliability may be established by: (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information; (2) corroborating testimony; (3) a statement on the record by the hearings officer that he had first hand knowledge of the sources of information and considered them reliable based on the informant's past record; and (4) an in camera review of the documentation from which the reliability is assessed. Id.

In this case the hearings officer noted that there were multiple confidential informants that he relied on. As noted above, corroborating testimony is sufficient for a hearings officer's reliability determination. In addition, the hearings officer properly determined that disclosing the informants' identities to plaintiff would endanger the informants. Serrano Declaration (#57) and Supplemental Serrano Declaration (#57) - submitted in camera.

Plaintiff claims that his procedural due process rights were violated because he was not allowed to call "character witnesses."

Although an inmate has a right to call witnesses at a disciplinary hearing in order to "marshal the facts and

4 - ORDER

present a defense," Wolff v. McDonnell, 418 U.S. 539, 564, (1974), that right is not unlimited. A hearings officer may decline an inmate's request to call witnesses, "for irrelevance, lack of necessity, or the hazards presented in individual cases." Id. at 566; see also, Piggie v. Cotton, 344 F.3d 674, 677 (97th Cir. 2003) ("there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary").

In this case, DHO Serrano determined that plaintiff's proposed character witnesses would not provide any additional information in the case and that there was no reason to believe that the proposed character witness statements would outweigh the testimony of the four confidential informants.

The requested character witnesses were not witnesses to the alleged extortive activity; they were offered to speak generally about plaintiff's character. In these circumstances, federal courts have consistently ruled that an inmate's procedural due process rights are not violated when a request to call such witnesses was denied. See eg., Oswalt v. Godinez, 894 F. Supp. 1181, 1187 (N.D. Ill. 1995).

In his response to defendants' motion, plaintiff argues that defendant Gilbertson "did not conduct any viable investigation." Plaintiff's Response (#58), p. 3. However, plaintiff has no constitutional right to an investigation.

5 - ORDER

*See, eg.* <u>Whitford v. Boglino</u>, 63 F.3d 527, 532 (7th Cir. 1995 (per curiam); <u>Brown v. Frey</u>, 889 F.2d 159, 170-71 (8th Cir. 1989); <u>Anthony v. County of Multnomah</u>, No. CV 04-229-MO, 2006 WL 278193, at *3 (D. Or. Feb. 3, 2006).

The procedural due process requirements for a prison disciplinary hearing are set forth in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-72 (1974). *Wolff* requires that an inmate be provided with: (1) written notice of the charges; (2) some time following the notice to prepare a defense; (3) a written decision by the fact-finder; (4) the opportunity to call witnesses and present documentary evidence in his defense when consistent with institutional safety and correctional goals; and (5) assistance from staff or other inmates if the inmate is illiterate or if the case is extremely complex. <u>Baker v. Daniels</u>, No. Civ. 04-969-TC, 2005 WL 387128 (D. Or. Feb. 15, 2005) (summarizing *Wolff* requirements).

In this case, plaintiff was afforded all of the procedures required by *Wolff*. Although his request to call character witnesses was denied, the denial was justified by the DHO's specific findings and was consistent with the *Wolff* requirements.

Because plaintiff's due process claims clearly fail as a matter of law, it is not necessary to address defendants' qualified immunity argument in detail. However, I find for

6 - ORDER

the record that defendants are entitled to qualified immunity because they did not violate "a clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). *See also*, <u>James v. Rowlands</u>, 606 F.3d 646 (9th Cir. 2010). A reasonable prison official would have believed that the procedures used in plaintiff's disciplinary hearing, all of which were in accordance with Oregon Administrative Rules and relevant statutory provisions and case law, were lawful. *See*, <u>Neely v. Feinstein</u>, 50 F.3d 1502, 1511 (9th Cir. 1995).

Plaintiff's claims against defendants Nooth and Williamson are based on their alleged "affirming" defendant Serrano's decision and plaintiff's disciplinary sanction. In other words, plaintiff's claims against Nooth and Williamson are premised on a constitutional violation of plaintiff's due process rights by defendant Serrano - which I have found did not occur.

Although plaintiff alleges that defendant Gilbertson's written report was "false," he has not specifically identified how the allegedly false report violated his constitutional due process rights. The court construes plaintiff's allegations against defendant Gilbertson to relate to his "pendent and supplemental pendent state law claims" discussed below.

The Oregon Constitution does not provide a private right

7 - ORDER

of action for money damages. *See*, <u>Hunter v. City of Eugene</u>, 309 Or. 298, 303-04, 787 P.2d 881 (1990); <u>Barcik v. Kubiaczyk</u>, 321 Or. 174, 190, 895 P.2d 765 (1995). Therefore, defendants are entitled to judgment as a matter of law to plaintiff's claims under the Oregon Constitution.

Plaintiff's claims for libel, slander, and defamation are governed by the Oregon Tort Claims Act. Because the Oregon Tort Claims Act requires the State of Oregon to be substituted for the individual defendants sued in their official capacities, ORS § 30.265(3), plaintiff's claims for libel, slander and defamation against their official capacities are barred by the Eleventh Amendment. <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54 (1996); <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89 (1984); *see also*, <u>Will v. Michigan Dep't of State Police</u>, 419 U.S. 58, 71 (1989) (A suit against a state officer in his official capacity is effectively considered a suit against the official's office, and therefore, it "is no different than a suit against the State itself.")

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary

circumstances" justify their retention. Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1991); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. Schneider v. TRW, Inc., 938 F.2d 986, 993-994 (9th Cir. 1991); Brady v. Brown, 51 F.3d 810 (9th Cir. 1995).

Assuming *arguendo* that plaintiff has stated a cognizable state law claim against any defendant in their personal capacity, I find that it is appropriate to refrain from exercising federal jurisdiction over those claims.

Based on all of the foregoing, defendants' Motion for Summary Judgment (#51) is allowed. The Clerk of the Court is directed to enter a judgment dismissing this action with prejudice.

*Any appeal from this Order or Judgment of dismissal would be frivolous and not taken in good faith. Therefore, plaintiff's* in forma pauperis *status is revoked.*

DATED this 3 day of October, 2014.

Mark D. Clarke
United States Magistrate Judge